ALLEN B. HOVEY *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY. January 16, 1986. *Employment Security,* Eligibility for benefits, Voluntary unemployment.

The claimant worked as a choral director in the Gloucester public schools from 1980 to 1984. Prior to April fifteenth of each school year the school committee sent him notice, pursuant to G. L. c. 71, § 41 (1984 ed.), that he would not be employed for the next school year. Thereafter, in each

year prior to 1984, he was offered and accepted a teaching position before the start of the next school year. On June 26, 1984, the claimant filed for unemployment compensation benefits. On June 27, 1984, he was offered a fulltime, tenured position for the 1984-1985 school year. He declined that offer. The board of review denied unemployment benefits (G. L. c. 151A, § 41 [c] [1984 ed.]), and, on the claimant's appeal to a District Court, that decision was affirmed.

Under G. L. c. 151A, § 28A (a) (1984 ed.), unemployment benefits are not to be paid to a teacher between two successive academic years if the teacher has worked in the earlier year and has "a reasonable assurance that [he] will perform services in [the same] capacity" in the second academic year. The review examiner did not explicitly find that the claimant had a reasonable assurance that he would be rehired for the 1984-1985 school year, but the past practice of the school committee and the offer of employment given on June 27 demonstrate, as a matter of law on this record, that the claimant had such an assurance and thus would be barred from receiving benefits. See *August* v. *Director of the Div. of Employment Sec.*, 386 Mass. 826, 829-830 (1982). A teacher who has received a timely notice under G. L. c. 71, § 41, but also has an assurance of reemployment as described in G. L. c. 151A, § 28A (a), is not entitled to unemployment compensation benefits, particularly if he declines an offer of employment in the same capacity for the next academic year. The agency finding that the claimant left his employment voluntarily without good cause attributable to his employer (G. L. c. 151A, § 25 [e] [1]) is fully warranted on this record.

*Judgment affirmed.*

*Allen B. Hovey*, pro se.

*Alan L. Rosenfield*, Assistant Attorney General, for Director of the Division of Employment Security.